IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID A. PAYNE                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:07CV73-P-S

MICHAEL J. ASTRUE,
Commissioner of
Social Security                                                                   DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the applications of the plaintiff, David A. Payne, for a period of disability, disability insurance benefits, and supplemental security income benefits. The Court has considered the briefs of the parties, the administrative record and the applicable law and rules as follows.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff filed applications for Social Security benefits under Title II and supplemental security income benefits under Title XVI on July 16, 2004, alleging a disability onset of July 13, 2004. The applications were denied initially and upon reconsideration. Then on August 19, 2006, an administrative law judge (ALJ) issued a decision unfavorable to the plaintiff. On April 9, 2007, after considering additional evidence, the Appeals Council of the Social Security Administration found no basis for granting review of the ALJ's decision. Thus, the ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The plaintiff was born in 1951 and was 54 years old on the date of the ALJ's hearing

decision. He obtained a GED. His past relevant work included a job as a retail sales supervisor, security guard, and an animal control officer. He alleged he became disabled on July 13, 2004, due to congestive heart failure, diabetes, and high blood pressure. Nevertheless, after consideration of the medical evidence, the subjective testimony at the hearing, and the testimony of a vocational expert (VE), the ALJ found that the plaintiff was not disabled. The ALJ found the plaintiff had the residual functional capacity (RFC) to perform work at the light exertional level except he could not perform any jobs that requiring more than occasional climbing of stairs, balancing, stooping, crouching, kneeling, and crawling. The ALJ also found he could not climb ropes, scaffolds, or ladders.

## II. APPLICABLE LAW & STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, the plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2000).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2000).

of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found . . . where there is a 'conspicuous absence of credible choices' . . . ." *Harrell v. Bowen*, 862 F.2d

---

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2000). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2000).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2000).

[8] *Muse*, 925 F.2d at 789.

3

471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. ANALYSIS OF THE ISSUES

On this appeal the plaintiff makes four assignments of error. The Court addresses each separately below.

*ALJ's Development of the Record*

The plaintiff first argues that the ALJ failed to fully develop the record as it concerns his heart problems. Specifically, the plaintiff contends that the ALJ should have referred him for a consultative examination after he testified that he could not afford to see a heart specialist. Certainly, the ALJ has a duty "'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (quoting *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)). However, the burden remains upon the claimant to prove he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). In the Fifth Circuit, the district court may not reverse the decision of the ALJ for failure to fully and fairly develop the record unless the claimant shows that he was

4

prejudiced by the ALJ's failure. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)). In order to establish prejudice, the claimant must show he "could and would have adduced evidence that might have altered the result." *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th cir. 1984)).

The Court finds the ALJ did not err in failing to order a consultative examination. Under some circumstances, a consultative examination is required to develop a full and fair record. 20 C.F.R. § 404.1517 (2008). However, the decision to require such an examination is within the discretion of the ALJ. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). A consultative examination for additional testing is required only when the evidence as a whole is insufficient to support a decision. 20 C.F.R. §§ 404.1519a(b), 416.919 a(b) (2008). Based on the evidence before him, the ALJ determined that the plaintiff's heart impairment was a severe impairment that restricted his capacity for work. The plaintiff was hospitalized twice in 2004 for a racing heart and shortness of breath. A CT scan of the chest with a pulmonary embolus protocol was negative for pulmonary embolism; three sets of cardiac enzymes testing were negative; an echocardiogram showed normal left ventricular function and mild left atrial enlargement; cardiac catheterization showed a left ventricle of normal size and shape and selective coronary arteriography revealed completely normal right and left coronary arteries. The Court finds the record before the ALJ was sufficient to enable him to render a disability decision. Nevertheless, the plaintiff has proffered no evidence that he could or would have adduced as a result of a consultative examination that would have led to a different result in this case. Accordingly, this issue is without merit.

*ALJ's Failure to Inquire About Refused Treatment*

Next, the plaintiff contends that the ALJ's credibility determination was erroneous because he failed to ask the plaintiff why he refused to be examined on the day of his discharge from the hospital in June 2004. The Court finds nothing in the record indicates that the ALJ improperly considered the plaintiff's refusal to be examined in analyzing the plaintiff's subjective testimony regarding his symptoms and limitations. In discussing the plaintiff's severe impairments, the ALJ recited the medical evidence regarding the plaintiff's two hospitalizations. This information happened to include the fact that the plaintiff refused to be examined on the day of his second discharge from the hospital. However, in the portion of the decision where the ALJ states his credibility determination, the ALJ does not mention the refused examination. Instead, the ALJ found that the plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible because among other things, they were not supported by the objective medical evidence and there was no evidence that he made any attempt to obtain financial assistance with his medication costs. Additionally, the ALJ noted that the plaintiff gave little information regarding his daily activities; there was no objective medical evidence of congestive heart failure, despite the plaintiff's testimony that he was told he had the condition; and the plaintiff testified that he experienced no medication side effects and could hear adequately when he wore his hearing aids. It was proper for the ALJ to consider this evidence. *See* 20 C.F.R. §§ 404.1529(c)(3) (2008).[9] Accordingly, the Court accords great

---

[9] Factors relevant to a determination regarding the intensity and persistence of the claimant's symptoms and residual functional capacity include:

    1. Daily activities;
    2. Location, duration, frequency and intensity of pain or other symptoms;
    3. Precipitating and aggravating factors;
    4. Type, dosage, effectiveness, and side effects of medication;

deference to the ALJ's credibility determination.

*Plaintiff's Sleep Apnea*

The plaintiff contends the ALJ mischaracterized his testimony regarding his sleep apena. Specifically, the plaintiff claims he did not testify that his sleep apnea had resolved with the use of a CPAP, but rather that the CPAP was only one half successful. The plaintiff goes on to argue that the ALJ failed to resolve the "possible contradiction" between the sleep study report, which showed the CPAP had eliminated his sleep apnea, and his testimony. The Court finds this issue is without merit as well.

In response to his attorney's question about how often he had episodes of sleep apnea, the plaintiff said, "[P]retty much with the machine and stuff I have now, I – it's – I think I have it – some control over it." After further questioning the plaintiff testified that he had problems falling asleep with the mask on an average of three nights a week because either the mask "bothered" him or it slipped off his face. However, the plaintiff said that if he did not wear the mask, he would wake up with his heart racing. The Court finds the ALJ did not mischaracterize the plaintiff's testimony, and substantial evidence in the record supports the ALJ's determination that the plaintiff's sleep apnea had resolved with treatment.

Here, the plaintiff also argues that the ALJ failed to consider the combined effect of his impairments because he did not fully develop the record with regard to the plaintiff's heart problems and because he erroneously found the sleep apnea had resolved. As noted above, the ALJ fully and

---

5. Treatment, other than medication, received for relief of pain or symptoms;
6. Other measures used to relieve pain or symptoms; and
7. Other factors concerning functional limitations and restrictions due to pain or other symptoms.

fairly developed the record with regard to the plaintiff's heart condition. And, because the ALJ essentially found that the plaintiff's sleep apnea no longer had any effect on his ability to work, no combined effect analysis was required. Impairments that can be reasonably remedied or controlled by medication or therapy are not disabling. *Lovelace v. Bowen,* 813 F.2d 55, 59 (5th Cir. 1987). Accordingly, this assignment of error is frivolous.

*New Evidence*

The plaintiff contends the Appeals Council ignored new evidence he submitted in support of his request for review of the ALJ's decision and erroneously rejected the evidence without stating specific reasons. The plaintiff claims the new evidence, a medical source statement provided by Anita Golden, FNP, showed he had restrictions which placed him in the less than sedentary work category.

If new and material evidence is submitted by a claimant after the ALJ's decision, the Appeals Council is required to consider the additional evidence only where it relates to the period on or before the date of the administrative law judge's decision. 20 C.F.R. § 404.970(b) (2008). It will then review the case if it finds the ALJ's decision is contrary to the weight of the evidence currently of record. *Id*. In this case, the Appeals Council denied the plaintiff's request for review and indicated that it found no reason under its rules to review the ALJ's decision. The Appeals Council noted that it considered the additional evidence submitted by the plaintiff, which included Ms. Golden's report of October 6, 2006, and that the information did not provide a basis for changing the ALJ's decision. Based on this, the Court concludes that the Appeals Council adequately considered the additional evidence. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006). Additionally, the Fifth Circuit has rejected arguments that the Appeals Council must provide a more

8

detailed explanation of the weight given to newly submitted evidence. *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n. 1 (5th Cir. 2005); *Jones v. Astrue*, No. 06-30735, 2007 WL 1017095, at *3 (5th Cir. March 29, 2007).  Accordingly, the plaintiff's last assignment of error is without merit.

## IV. CONCLUSION

Based on the foregoing, the decision of the Commissioner should be affirmed.  A final judgment consistent with this opinion will issue forthwith.

This, the 26th day of September, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE